UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------ X
LESALDO SHALTO,

                   Plaintiff,

  -against-

BAY OF BENGAL KABOB CORP.,

                   Defendant.
                                      X
------------------------------------

**ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION**

12-cv-920(KAM)(VMS)

**MATSUMOTO, United States District Judge:**

On March 20, 2012, plaintiff Lesaldo Shalto ("plaintiff"), filed an amended complaint against defendant Bay of Bengal Kabob Corp.[1] ("defendant"), alleging public accessibility violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 *et seq.*; New York State Human Rights Law ("NYSHRL"), N.Y. State Executive Law § 296(2)(a); New York City Human Rights Law ("NYCHRL"), Administrative Code of the City of New York § 8-107(4); and New York Civil Rights Law § 40-c. (*See generally* ECF No. 13, Amended Complaint, filed 3/20/12 ("Am. Compl.").) Plaintiff seeks compensatory and punitive damages, injunctive relief, attorney's fees, and costs.

---

[1] Plaintiff originally commenced this action in December 2011 against several defendants but all defendants other than Bay of Bengal Kabob Corp. were removed upon plaintiff's filing of his amended complaint on March 20, 2012, or by stipulation and order. (*See generally* ECF No. 1, Complaint filed 12/2/11; ECF No. 13, Amended Complaint, filed 3/20/12; ECF No. 31, Stipulation and Order of Dismissal Against Washington Court, LLC, With Prejudice, filed 11/13/12.)

Despite being properly served with the amended complaint through the New York Secretary of State, defendant has failed to answer or otherwise move in response to the amended complaint.  On May 23, 2012 the Clerk of Court noted the default against defendant.  (ECF No. 20, Clerk's Entry of Default, filed 5/23/12.)  On July 2, 2012, plaintiff filed a motion for entry of default judgment.  (ECF No. 26, Plaintiff's Motion for Default Judgment, filed 7/2/12 ("Pl. Mot.").)  On September 5, 2012, the court referred plaintiff's motion for default judgment to Magistrate Judge Vera M. Scanlon for a report and recommendation.  (Order Referring Motion, dated 9/5/12.)

## DISCUSSION

Presently before the court is a Report and Recommendation issued by Magistrate Judge Scanlon on February 6, 2013, recommending that the court deny in part and grant in part defendant's motion for default judgment and requested relief. (ECF No. 32, Report and Recommendation dated 2/6/13 ("R&R"), at 22-24.)  Specifically, Magistrate Judge Scanlon recommended that the court: (1) **grant** plaintiff's motion for default judgment declaring that defendant is liable under the ADA, the NYSHRL, the NYCHRL, and the New York Civil Rights Law for disability discrimination as a result of defendant's (a) failure to have a wheelchair-access ramp; (b) failure to post required signage; (c) failure to post said signage in the adequate format; (d)

failure to have handrails at the sides of the stairs; and (e) failure to offer an accessible lavatory; (2) **deny** plaintiff's motion for default judgment declaring that defendant is liable under the ADA, the NYSHRL, the NYCHRL and the New York Civil Rights Law for disability discrimination as a result of defendant's failure to have a three-foot high and three-foot long sales counter; (3) **grant** plaintiff's request for an injunction requiring defendant to install a wheelchair ramp, to post signs, to ensure that the signs are ADA compliant in terms of font and mounting specifications, to install handrails at the sides of stairs, and to modify lavatory accommodations pursuant to the ADA Accessibility Guidelines ("ADAAG") requirements, and to require defendant to remove the aforementioned architectural barriers in accordance with the ADA within four months of the entry of final default judgment; (4) **deny** plaintiff's request for an injunction requiring the installation of a three-foot high by three-foot long sales counter; (5) **grant** plaintiff's petition for compensatory damages for mental distress in the amount of $1,000 under the NYSHRL and NYCHRL; (6) **deny** plaintiff's motion for prejudgment interest on the $1,000 compensatory damages award for mental distress; (7) **deny** plaintiff's petition for punitive damages under the NYCHRL; (8) **grant** plaintiff's petition for statutory damages under the New York Civil Rights Law in the amount of $500; (9) **grant**

3

plaintiff's motion for costs in the amount of $488 for filing and process server fees; (10) **deny** plaintiff's motion for costs relating to an architect, but allow plaintiff leave to refile the motion with proper evidentiary support; and (11) **deny** plaintiff's motion for attorney's fees, but allow plaintiff leave to refile the motion with proper evidentiary support. (*Id*. at 2-3, 22-23.)

As explicitly noted at the end of Magistrate Judge Scanlon's Report and Recommendation, any objections to the Report and Recommendation were to be filed on or before February 25, 2013. (R&R at 23.) The Report and Recommendation was mailed to defendant by court staff on February 6, 2013 (*id*.), and plaintiff's counsel was served via the ECF filing system. The period for filing objections has expired, and no objections to Magistrate Judge Scanlon's Report and Recommendation have been filed by either party.

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186,

1189 (S.D.N.Y. 1985)).

Upon a careful review of the Report and Recommendation and the record in this case, and considering that neither party has objected to any of Magistrate Judge Scanlon's thorough and well-reasoned recommendations, the court hereby adopts in part and modifies in part the Report and Recommendation. Specifically, the court adopts the Report and Recommendation with the exception of its recommendations that plaintiff should be granted leave to resubmit his application for attorney's fees and costs relating to an architect and that plaintiff should be awarded costs in the amount of $488 for filing and process server fees.

Second Circuit precedent requires a party seeking an award of attorney's fees to support its request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Fee applications that do not contain such supporting data "should normally be disallowed." *Id*. at 1154; *see also Kingvision Pay-Per-View, Ltd. v. The Body Shop*, No. 00-cv-1089, 2002 WL 393091, at *5 (S.D.N.Y. Mar. 13, 2002) (request for attorney's fees and costs denied where plaintiff offered no supporting documentation).

Similarly, with respect to costs, "a court will

generally award 'those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients.'" *Pennacchio v. Powers*, No. 05-cv-985, 2011 WL 2945825, at *2 (E.D.N.Y. July 21, 2011) (quoting *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)). Nevertheless, "[t]he fee applicant bears the burden of adequately documenting and itemizing the costs requested." *Id*. (citation omitted).

In this case, plaintiff has had more than ample time and opportunity to assemble and file necessary and sufficient documentary support for his request for attorney's fees and costs. Plaintiff's request for fees and costs in connection with his motion for default judgment was filed in July 2012 but wholly lacks supporting documentation of, *inter alia*, "contemporaneous time records" for plaintiff's counsel and costs incurred. (*See generally* Pl. Mot.) Plaintiff's request also fails to provide any receipts or invoices from the process server and architect he purports to have engaged in this litigation. (*See id*.) Plaintiff has never sought to supplement his fee and cost applications, nor did he object to the Report and Recommendation insofar as it recommended immediate denial of his request for fees and costs for failure to document his claims. The court thus denies plaintiff's unsupported request for attorney's fees and for the cost of an architect, without leave to file any further submissions. *See Kingvision*, 2002 WL

6

393091, at *5.  Plaintiff's requested $350 fee for filing this action, however, is verified by the docket in this case.  (*See* ECF No. 1, Complaint (clerk's entry reflecting payment of $350 filing fee); *see also* U.S. District Court, Eastern District of New York, Court Fees, *https://www.nyed.uscourts.gov/court-fees* (last visited Mar. 7, 2013) (displaying filing fee amount of $350).)  Therefore, plaintiff's motion for costs is granted in the amount of $350 for the court filing fee.

While the Report and Recommendation did not explicitly address plaintiff's standing to seek injunctive relief under Title III of the ADA, the court observes that plaintiff's allegations satisfy the standing requirements in this Circuit.  "[T]o establish standing in an ADA suit seeking injunctive relief based upon lack of access to a public accommodation, . . . a plaintiff must (1) 'allege[] past injury under the ADA'; (2) show that 'it is reasonable to infer from [his or] her complaint that this discriminatory treatment will continue'; and (3) show that 'it is also reasonable to infer, based on the past frequency of [his or] her visits and the proximity of [the public accommodation] to [his or] her home, that [he or she] intends to return to [the public accommodation] in the future.'" *Harty v. Simon Prop. Group, L.P.*, 428 F. App'x 69, 71 (2d Cir. 2011) (quoting *Camarillo v. Carrols Corp.*, 518 F.3d 153, 158 (2d Cir. 2008)).  "Courts considering ADA claims have found that

7

disabled plaintiffs who had encountered barriers at restaurants, stores, hotels, or stadiums prior to filing their complaints have standing to bring claims for injunctive relief if they show a plausible intention or desire to return to the place but for the barriers to access." *Disabled in Action of Metro. New York v. Trump Int'l Hotel & Tower*, No. 01-cv-5518, 2003 WL 1751785, at *7 (S.D.N.Y. Apr. 2, 2003) (citations omitted).

In this case, plaintiff's amended complaint establishes standing to seek injunctive relief. Plaintiff alleges that he was last denied access to defendant's premises on August 25, 2011, and that he has often attempted but has been previously unable to gain access. (Am. Compl. ¶¶ 5, 7.) Plaintiff also alleges that he is a resident of New York state, he is a regular visitor to the area in which the subject premises is located, he regularly patronizes establishments in that area and has been for several years, and he will return to defendant's premises to eat there "as soon as it is made accessible to him in accordance with the ADA." (*Id*. ¶¶ 3, 6-7.) These allegations, which must be taken as true, establish that plaintiff has actual knowledge of barriers to defendant's place of public accommodation, that he would visit the premises but for the presence of those barriers, and that he intends to return to the premises in the immediate future (*i.e.*, as soon as it is made accessible). Such allegations have been found to

establish standing to seek injunctive relief under Title III of the ADA. *See, e.g., Hirsch v. Hui Zhen Huang,* No. 10-cv-9497, 2011 WL 6129939, at *3 (S.D.N.Y. Dec. 9, 2011) (plaintiff's allegations that he once visited restaurant in the past and intends to return once it is made accessible were adequate to establish standing for injunctive relief); *Access 4 All, Inc. v. G&T Consulting Co.,* No. 06-cv-13736, 2008 WL 851918, at *4 (S.D.N.Y. Mar. 8, 2008) (holding that Title III ADA plaintiffs "must at least prove actual knowledge of the barriers and show that they would visit the building in the imminent future but for those barriers"); *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 167 (S.D.N.Y. 2006) (finding that "awareness of discriminatory conditions, and the avoidance of a public accommodation because of that awareness, is injury in fact" that confers standing, regardless of whether a wheelchair user actually entered the defendant premises); *Disabled in Action*, 2003 WL 1751785, at *8 (holding plaintiffs' allegations that they intended to return to a restaurant "in the future" were "plausible given the fact that they live[d] in New York and ha[d] been to the restaurant in the past"; and collecting cases).

With respect to Magistrate Judge Scanlon's recommendation that the court grant injunctive relief against defendant, the court also notes that, in New York, injunctive

9

relief may be awarded even when the defendant corporation is dissolved as long as the cause of action accrued before dissolution. N.Y. Bus. Corp. Law § 1006(b) ("The dissolution of a corporation shall not affect any remedy available to or against such corporation . . . for any right or claim existing or any liability incurred before such dissolution, . . . ."); *Hudson River Fishermen's Ass'n v. Arcuri*, 862 F. Supp. 73, 77 (S.D.N.Y. 1994) ("[I]njunctive relief as well as statutory damages and attorney's fees and costs found to be appropriate at inquest by the Magistrate Judge are available under New York law even where a corporation is dissolved, if the cause of action as here accrues before dissolution.") (citation omitted). Here, given that plaintiff last observed defendant's restaurant in operation in August 2011, plaintiff's cause of action plainly accrued before any potential dissolution of defendant. Yet, there may be a risk that defendant is no longer operational at the time this order is entered against it. Nonetheless, applying the above principles, Magistrate Judge Scanlon's recommendation that defendant be enjoined to cure the ADA violations enumerated in the Report and Recommendation is still appropriate. *See Hudson River*, 862 F. Supp. at 77.

Finally, regarding the Report and Recommendation's recommended award of $500 in compensatory damages pursuant to New York Civil Rights Law §§ 40-c, 40-d (R&R at 19), this

10

statute also requires that "[a]t or before the commencement of any action under this section, notice thereof shall be served upon the attorney general." N.Y. Civ. Rights L. § 40-d. New York courts have consistently held that notice to the attorney general is an essential prerequisite to actions for violations of § 40-c. *See, e.g., Sundaram v. Brookhaven Nat'l Labs.*, 424 F. Supp. 2d 545, 571 (E.D.N.Y. 2006) (applying New York law); *Giaimo & Vreeburg v. Smith*, 192 A.D.2d 41, 45-46, 599 N.Y.S.2d 841, 844 (2nd Dep't 1993). Plaintiff has alleged that such notice has been served in this case. (Am. Compl. ¶ 41.) Therefore, the $500 compensatory damage award under N.Y. Civ. Rights L. § 40-c is appropriate for this reason in addition to the reasons explained by Magistrate Judge Scanlon. (*See* R&R at 19.)

Accordingly, for the reasons discussed above and stated in the Report and Recommendation, the court orders that plaintiff's motion for default judgment is denied in part and granted in part as set forth in Magistrate Judge Scanlon's Report and Recommendation dated February 6, 2013 and as modified herein.

## CONCLUSION

For the reasons set forth above, the court: (1) **grants** plaintiff's motion for default judgment declaring that defendant is liable under the ADA, the NYSHRL, the NYCHRL, and the New

York Civil Rights Law for disability discrimination as a result of defendant's (a) failure to have a wheelchair-access ramp; (b) failure to post required signage; (c) failure to post said signage in the adequate format; (d) failure to have handrails at the sides of the stairs; and (e) failure to offer an accessible lavatory; (2) **denies** plaintiff's motion for default judgment declaring that defendant is liable under the ADA, the NYSHRL, the NYCHRL and the New York Civil Rights Law for disability discrimination as a result of defendant's failure to have a three-foot high and three-foot long sales counter; (3) **grants** plaintiff's request for an injunction requiring defendant to install a wheelchair ramp, to post signs, to ensure that the signs are ADA-compliant in terms of font and mounting specifications, to install handrails at the sides of stairs, and to modify lavatory accommodations pursuant to the ADA Accessibility Guidelines ("ADAAG") requirements, and **orders** defendant to remove the aforementioned architectural barriers in accordance with the ADA within four months of the entry of final default judgment; (4) **denies** plaintiff's request for an injunction requiring the installation of a three-foot high by three-foot long sales counter; (5) **grants** plaintiff's petition for compensatory damages for mental distress in the total amount of $1,000 under the NYSHRL and NYCHRL; (6) **denies** plaintiff's motion for prejudgment interest on the $1,000 compensatory

damages award for mental distress; (7) **denies** plaintiff's petition for punitive damages under the NYCHRL; (8) **grants** plaintiff's petition for statutory damages under the New York Civil Rights Law in the total amount of $500; (9) **grants** plaintiff's motion for costs in the total amount of $350 for the court filing fee; (10) **denies** plaintiff's motion for costs relating to an architect; and (11) **denies** plaintiff's motion for attorney's fees.

Plaintiff shall serve a copy of this Memorandum and Order and the Clerk's Judgment upon defendant and file a certificate of service via ECF within one business day after entry. The clerk of court is respectfully requested to enter judgment in favor of plaintiff in accordance with this Memorandum and Order and to close this case.

**SO ORDERED.**

Dated: March 7, 2013
       Brooklyn, New York

___/s/_____ _____
Kiyo A. Matsumoto
United States District Judge
Eastern District of New York